**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-10241
Summary Calendar

REGINALD ARLEIGH NOBLE,

Plaintiff-Appellant

v.

JOE A. GRIMES, Assistant Warden; BRIAN J. CLERK, Major; LEVIN W. FULLER, Captain; DAVID L. PRICE, Lt.; KENNETH L. JONES, Maintenance Supervisor,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-30

Before: HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Reginald Arleigh Noble, Texas prisoner # 1019577, appeals from the district court's dismissal of his civil rights complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Noble argues that he sustained a head contusion after he slipped and fell in standing water in the prison shower area at his place of incarceration. He contends that the defendants were aware of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dangerous conditions in the shower area but nonetheless failed to take any preventative measures.

Noble's allegations are insufficient to show that the defendants were deliberately indifferent to a substantial risk of serious harm. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). Noble's allegations specifically do not permit a finding that the defendants either (a) had sufficient information to infer that the conditions in the shower area presented a substantial risk of harm to prisoners' health and safety or (b) actually drew an inference that inmates faced a risk of harm from the conditions in the shower area. *See id.* Instead, Noble's complaint, at most, alleges a claim of negligence, which is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332-36 (1986); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995). Accordingly, the district court did not err when it dismissed Noble's complaint for failure to state a claim for which relief may be granted.

The district court's dismissal counts as a strike against Noble. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Noble is hereby CAUTIONED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.